## UNITED STATES v. FRISCHLING.

### No. 9255.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 20, 1947.

Decided March 10, 1947.

Richard J. Hughes, of Newark, N. J. (Lord and Hughes, of Newark, N. J., on the brief), for appellant.

Charles A. Stanziale, of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before MARIS and McLAUGHLIN, Circuit Judges, and FOLLMER, District Judge.

MARIS, Circuit Judge.

The defendant was convicted in the district court of violating the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and he appeals. Among the errors alleged, and the only one which we need consider, is the refusal of the trial judge to charge the jury as requested by the defendant with respect to evidence of good character.

At the trial it was stipulated by the parties that the defendant was to be deemed to have proved that his reputation as to honesty, veracity and being a law-abiding citizen in the community where he lived and did business was good. The defendant requested the trial judge to charge with respect to good character as follows:

"Good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt sufficient to justify you in acquitting the defendant."

The trial judge declined to charge the jury as thus requested, his charge with respect to character evidence being as follows:

"I further charge you that according to the stipulation in this case, the character of the defendant has been put into evidence and the Court charges you that good character is to be considered just as any other fact in the case and is to be weighed and considered as any other evidence, and to give it such weight as the jury should deem it entitled to under all the evidence in the case."

It has long been the rule that it is the duty of the trial judge to instruct the jury in substance that reputation of the defendant's good character, when put in evidence, is a fact which they should consider with the other facts in the case and which, when so considered, may, like other facts, generate a reasonable doubt which would justify acquittal. Edgington v. United States, 1896, 164 U.S. 361, 17 S.Ct. 72, 41 L. Ed. 467; Cohen v. United States, 3 Cir., 1922, 282 F. 871; United States v. Quick, 3 Cir., 1942, 128 F.2d 832.

It will be seen that while in this case the trial judge did instruct the jury that they were to consider the defendant's reputation for good character with the other facts in the case he failed, although specifically requested to do so, to give them any guidance as to what part that fact could play in their consideration of the

defendant's guilt. In this we think he erred. A jury who were not told that the defendant's reputation for good character when considered in the light of the other evidence might be permitted to raise the sort of doubt in their minds which would justify acquittal, might well regard evidence of such reputation as wholly irrelevant to the specific issue of guilt committed to them and consequently give it no consideration whatever. We accordingly cannot say that the failure of the trial judge to give the requested instruction did not substantially prejudice the defendant.

The judgment of the district court will be reversed and the cause will be remanded with directions to grant a new trial.