JOSEPH VINCZE, APPELLANT, *v.* SHERIFF, COUNTY OF CLARK, THE STATE OF NEVADA, RESPONDENT.

No. 5979

June 12, 1970                                    470 P.2d 427

*Samuel B. Francovich* and *Melvin Schaengold,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This appeal is from a denial by the lower court of habeas corpus attacking the jurisdiction of Nevada's courts to try and convict appellant of the felony of obtaining money by false pretenses. We affirm that ruling.

Appellant Joseph Vincze, who engaged in the activities described in this opinion under the alias of Joe Worsham, lived in the Las Vegas, Nevada, area. He met Leland Mecham, the complaining witness, who resided in Oregon and there engaged in the small boat business, while the latter was vacationing in the Lake Mead area in January, 1966.

Vincze, or Worsham as he was known to Mecham, proposed in a conversation at Lake Mohave, Arizona, that they enter into a business deal which involved taking over a boating concession at Eldorado Cove, Lake Mead, on the Nevada side, and a boat sales and repair business on the Boulder Highway in Henderson, Nevada. Vincze told Mecham he did not own the boat concession but that it could be purchased. They next visited Eldorado Cove and together examined the concession premises. As Mecham was leaving for Oregon, Vincze accompanied him to McCarran Airport, Las Vegas, and there was given a $5,000 check dated January 14, 1966, as a "deposit on purchase of bond for Eldorado Boat Concession," drawn upon

the United States National Bank of Oregon, Ladd & Bush-Salem Branch. However, it was clearly understood Vincze was not to cash the check until given express approval by Mecham.

On February 7, 1966, Vincze traveled to Salem, Oregon, and there presented to Mecham a draft of a prepared agreement which recited that Vincze (Worsham) had obtained the boating business and concession at Eldorado Cove, Nevada. The agreement, which established a partnership in the concession between the two and their wives, was signed. Thereupon, Mrs. Mecham gave instructions to their Oregon bank to pay the $5,000 check previously given Vincze in Nevada.

Vincze returned to Las Vegas, endorsed the check, and deposited the same for collection in his bank, the First National Bank of Nevada, North Las Vegas Branch. That bank forwarded the check through banking channels to the United States National Bank of Oregon, Ladd & Bush-Salem Branch, which honored the check pursuant to the order of Mrs. Meacham. Funds were telegraphically transferred to the First National Bank of Nevada, North Las Vegas Branch, and there credited to the account of Joe Worsham.

The agreement was false, because Vincze had not obtained the boating concession. Later, when this became known to Mecham, he returned to Nevada, could not locate Vincze, and thereupon filed a criminal charge of obtaining money by false pretenses against him. Vincze was tried, convicted, and sentenced upon that charge.

Appellant, through his post-conviction proceeding, contends that in applying the provisions of NRS 171.020 to the facts in the case, Nevada has no jurisdiction to try him at all. NRS 171.020 reads: "Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of such intent, which culminates in the commission of a crime, either within or without this state, such person is punishable for such crime in this state in the same manner as if the same had been committed entirely within this state."

The issue for our decision is this: Whether sufficient elements of the offense of obtaining money under false pretenses occurred in Nevada to give this state jurisdiction?

Generally, a state does not undertake to punish acts done outside its borders. People v. Buffum, 256 P.2d 317, 320 (Cal. 1953).

The Nevada statute has not heretofore been construed by this court. An identical statute in California and a similar statute in New York have been comparably construed by their

courts requiring that acts committed within the charging state must constitute at least an attempt. People v. Buffum, supra; People v. MacDonald, 76 P.2d 121 (Cal.Dist.Ct.App. 1938); People v. Werblow, 148 N.E. 786 (N.Y. 1925). The elements of an attempt to commit a crime in this state are: (1) an intent to commit a crime, (2) performance of some act toward its commission, and (3) failure to consummate its commission. Mathis v. State, 82 Nev. 402, 406, 419 P.2d 775 (1966); State v. Dawson, 45 Nev. 255, 201 P. 549 (1921); State v. Thompson, 31 Nev. 209, 216, 101 P. 557 (1909).

Under such a statute, acts committed in one state to be punishable there, must be more than merely preparatory to the commission of a crime in another state. People v. Buffum, supra.

It would appear, therefore, to satisfy the foregoing rule which we approve, to lawfully try a person for the crime of obtaining money by false pretenses partially committed in two different jurisdictions, at a minimum the money would have to be obtained in one state even though the false pretenses may have been made in another.

Essentially, as the recital of facts from the record shows, Vincze's scheme or plan to deprive Mecham of his money was conceived, oriented and culminated in Nevada. As the plot unfolded, however, the false pretenses took place in Oregon when appellant presented to and secured the signature of Mecham to the document falsely reciting he had obtained the boating business and concession at Eldorado Cove. Possession of the money, however, as charged in the Nevada indictment,[1] was obtained in Nevada. Vincze, of course, received the check from Mecham at McCarran Airport, Las Vegas, Nevada. After traveling to Oregon, where he conferred with Mecham,

---

[1]The charging part of the indictment reads as follows: "That the defendant did then and there wilfully, unlawfully, feloniously, knowingly, designedly, and by the use of false pretenses obtain from the person of M. Leland Mecham, 735 Dian Avenue, S.W., Salem, Oregon, the sum of $5,000 lawful money of the United States, with the intent to cheat and defraud the said M. Leland Mecham by agreeing to sell to the said M. Leland Mecham a one half interest in a boating business and concessions located at Eldorado Cove on the Colorado River in the State of Nevada, for when in truth and in fact, said Defendant had no interest in the said Eldorado Cove on the Colorado River in the State of Nevada and knew said representation to be false."

whose wife then withdrew the stop-payment order on the check, Vincze returned to Nevada and deposited the check for collection in a Nevada bank in Las Vegas, Nevada. After a telegraphic order for payment was received from the Oregon bank, the money was credited to his account in North Las Vegas, Nevada, where he either drew it out in cash or drew checks on the credit (the record does not disclose the exact method of expenditure by appellant).

We think sufficient acts took place in Nevada to vest jurisdiction in this state to lawfully prosecute appellant in accordance with NRS 171.020. People v. Anderson, 361 P.2d 32 (Cal. 1961).

The order of the lower court is affirmed.

ZENOFF, BATJER, and THOMPSON, JJ., and CRAVEN, D. J., concur.