### WILLIAM HARRIS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6776

June 26, 1972                                          498 P.2d 373

*Robert G. Legakes,* Public Defender, and *Steven L. Godwin* and *Thomas D. Beatty,* Deputy Public Defenders, Clark County, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

William Harris, the appellant-defendant, was tried to a jury and convicted of burglary. He has appealed from his judgment of conviction on the sole issue that the evidence does not support the verdict.

The B & N Pharmacy, located in the Golden West Shopping Center in Las Vegas, was burglarized during the night of October 23, 1970. Police officers, who were summoned to the premises by a burglar alarm, found the store locked. Upon investigation, the officers noticed a hole in the roof, whereupon they called for two dogs from the police canine corps. The pharmacy owner soon arrived at the scene, and he unlocked the front door, so that the police officers could admit the dogs. The dogs immediately ferreted out Harris, hiding in a large box. A police officer following the dogs ordered Harris to stand with his hands above his head, so that a photo could

be taken. That photo was received in evidence during Harris's trial, showing Harris with the dogs holding him at bay and an officer with his drawn revolver. At the time of his arrest, Harris was wearing a new wristwatch, similar to ones sold in the store, with a tag string dangling therefrom.

Against this evidence, Harris testified that he was in the parking lot outside the pharmacy when the officers arrived. He claimed that one of the officers forcibly dragged him into the building and that, as he was running to the rear of the store, one of the dogs butted him from the rear, knocking him into the box that he was in when arrested.

It is axiomatic that the credibility and weight to be given a witness's testimony are matters resting within the sound province of the jury. See Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972). Under the facts presented, we feel that the jury, acting as reasonable men, were at liberty to reject Harris's version of what occurred. The evidence supporting the verdict was substantial; and in such cases it may not be disturbed on appeal.

Affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.