**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry T. LEIGH, M.D., Defendant-Appellant.**

No. 74–3209.

United States Court of Appeals, Fifth Circuit.

June 2, 1975.

Rehearing Denied July 24, 1975.

---

* Of the Supreme Court of the United States, (Retired) sitting by designation.

Leland D. Sutton, Odessa, Tex., G. Bert Smith, Jr., Andrews, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant, a physician, was convicted by a jury of eight counts of violating 21 U.S.C. § 841(a)(1), for unlawfully dispensing a controlled substance by prescription. Because of a critical error in the trial judge's charge to the jury, we reverse the conviction.

As part of his defense, appellant called numerous character witnesses who testified that his reputation for truth and for being a law abiding citizen in the community was good; the government called rebuttal witnesses who testified that his reputation for these qualities was bad. In pertinent part, the trial judge charged the jury:

> Such evidence of good reputation in addition to its relevance on the issue of his credibility as a witness, may indicate to the jury that it is improbable that a person having such a reputation would commit the offense charged. Therefore, the jury may consider the reputation along with that contradicting it, if you find it does, along with all the other evidence in the case in determining the guilt or innocence of this defendant on the of-. fenses charged.
>
> The circumstances may be such that evidence of good reputation as to truth, veracity, sobriety and being a peaceable and law abiding citizen, may alone create a reasonable doubt of the defendant's guilt, although without it the other evidence would be convincing. *However, evidence of good reputation should not constitute an excuse to acquit the defendant if you, the jury, after weighing all of the evidence in the case, is convinced beyond a reasonable doubt that the defendant is guilty of the offenses charged in the indictment.* (Emphasis supplied.)

Had the district judge not included the last sentence, his charge would have more than satisfied the standard established by this Circuit. Indeed, in charging that reputation evidence alone may create a reasonable doubt as to a defendant's guilt, he more than met the minimum content requirement for such a charge in this Circuit; that reputation evidence, considered together with all other evidence, may create such a doubt. United States v. Fontenot, 483 F.2d 315,

323 (5th Cir. 1973); United States v. Ramzy, 446 F.2d 1184 (5th Cir. 1971) cert. den. 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 544; United States v. Cashio, 420 F.2d 1132 (5th Cir. 1969) cert. den. 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 420.

 Unfortunately, the final sentence of the charge is so fatally defective ·that it negates the entire instruction, and requires reversal of appellant's conviction. First, of course, the sentence is an erroneous statement of the law. At least since Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896), the rule has been that the jury must consider reputation evidence in the same manner as it considers all other evidence, not, as this instruction suggests, "after weighing all of the evidence in the case. . . . " Seizing on this sentence, the jury could easily have formed the impression that reputation evidence could only be used to tip the scales in defendant's favor if the case was otherwise close; this is precisely the contention rejected by the Supreme Court in Edgington, supra.

Second, the jury was particularly likely to draw such a conclusion here, since the sentence in question was the final point concerning reputation evidence made by the judge. As such, it may easily have appeared to be a summary, a capsulization of what had been said previously. Alternatively, if the jurors did not give special weight to the sentence, they were necessarily confused, since the judge directly contradicted what he had said previously.

Finally, we are particularly troubled by the judge's use of the word "excuse." The connotations of the word subtly reinforce the ideas that reputation evidence is to be treated differently from other evidence, that if the jurors were to acquit the defendant on the basis of reputation evidence, they would be accepting his "excuse" rather than his "defense," that if the jurors let the defendant go free on the basis of such evidence, they would be "excusing" his commission of the crime rather than "ac-

quitting" him of it. We do not intimate, of course, that the district judge intentionally worded his charge to achieve such an effect, but we cannot overlook even unconscious and unintentional prejudicial error.

. We need not reach the defendant's alternative grounds for reversal. His conviction is reversed and the cause is remanded to the district court.