UNITED STATES of America, Plaintiff-Appellee,

v.

David FURR, Defendant-Appellant.

No. 75-3132

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 12, 1976.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before BELL,** GODBOLD and DYER, Circuit Judges.

PER CURIAM:

Furr appeals from conviction on 20 counts of embezzlement of bank funds in violation of 18 U.S.C. § 656. We affirm.

■ Furr made a written statement to an FBI agent admitting all, or nearly all, of the transactions charged in the indictment. The statement was admitted at trial. The court would not permit counsel for Furr, on cross-examination, to question the agent about other and allegedly exculpatory remarks made to him by Furr but not included in the statement. The court pointed out that it preferred that the government present its direct case first and that Furr, as part of his direct case, could develop the allegedly exculpatory matter by recalling the agent as an adverse witness. The ruling was not an abuse of the court's discretion.

■ Over objection the court gave the following instruction on reputation evidence:

> Evidence of a defendant's reputation as to those traits of character ordinarily involved in the commission of the crime charged may alone create a reasonable doubt; since the jury may think it improbable that a person of good character in respect to those traits would commit the crime charged. However, evidence of good reputation should not constitute an excuse to acquit a defendant if you, after weighing all of the evidence, including the evidence of good character, are convinced beyond a reasonable doubt that the defendant is guilty of the crime charged in the indictment.

This was not reversible error. The first sentence was part of an instruction held not to be plainly erroneous in *U. S. v.*

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla. (Court appointed not under Act), for defendant-appellant.

Robert W. Rust, U. S. Atty., David Geneson, Asst. U. S. Atty., Miami, Fla., Kerry J. Nahoom, Asst. U. S. Atty., Ft. Lauderdale, Fla., for plaintiff-appellee.

---

** This opinion was concurred in by Judge Bell prior to his resignation from the Court on March 1, 1976.

*Fontenot,* 483 F.2d 315 (CA5, 1973). Furr makes an additional argument not referred to in the *Fontenot* opinion: that the factor which may create a reasonable doubt as to guilt is not evidence of a defendant's reputation as to those traits of character ordinarily *involved* in the commission of the crime charged but rather is evidence of a reputation *inconsistent* with the traits of character ordinarily involved in the commission of the crime charged. We agree that it would be clearer to state the principle in the manner suggested by Furr, see *Devitt and Blackmar, Federal Jury Practice and Instructions* § 11.30 at 119–20 (Supp. 1974), but we cannot say that the instruction as given is erroneous or would be misunderstood by the jury.

In *U. S. v. Leigh,* 513 F.2d 784 (CA5, 1975), we held reversible a charge somewhat akin to the last sentence of the instruction quoted above, because it could lead the jury to the impression that reputation evidence could only be used to tip the scales in defendant's direction if the case was otherwise close. But the *Leigh* charge did not include the phrase "including the evidence of good character." The addition of this phrase removes the vice of the *Leigh* charge.

The instant charge also contains, as did that in *Leigh,* the phraseology of "excuse" to convict. We agree with *Leigh* that this is a troubling phrase, connoting the idea that reputation evidence is to be treated differently from other evidence, as an "excuse" which implies wrongdoing but not legal responsibility therefor, rather than as a "defense." This phraseology should be avoided, but it is not reversible error.

Relying on the defense of coercion or duress, Furr requested an instruction that the jury could acquit him if it found that his acts resulted from apprehension of immediate death or serious bodily injury to himself or a member of his family. The court gave a charge along these lines but omitted any reference to members of the defendant's family. Furr's objection to this omission is without merit. The thrust of Furr's defense was that he had juggled the accounts of the bank at which he worked because of extortion. He claimed that one Ralph Shilling had demanded the money, threatening to kill him, his wife, and his children if he did not cooperate. Furr's financial manipulations occurred over six months' time. Shilling was not physically present when Furr juggled the accounts; nor did Furr seek protection from the police or bank officials during that period. Thus, unlike the circumstances in *U. S. v. Chapman,* 455 F.2d 746 (CA5, 1972), where we found a legitimate jury question presented, the threats allegedly made to Furr obviously lacked the immediacy and unavoidability that the duress defense requires. See, e. g., *U. S. v. Stevison,* 471 F.2d 143, 147 (CA7, 1972); *R. I. Recreation Center, Inc., v. Aetna Casualty & Surety Co.,* 177 F.2d 603, 605–06 (CA1, 1949); *Shannon v. U. S.,* 76 F.2d 490, 493 (CA10, 1935); Anno., 40 A.L.R.2d 908 (1955). Since Furr was not entitled to a duress instruction at all, he is in no position to complain that the instruction he did receive was too narrow.

Affirmed.