**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William HARRIS, Jr., Defendant-Appellant.**

No. 75–2859.

United States Court of Appeals, Fifth Circuit.

June 14, 1976.

Jack Paul Leon, San Antonio, Tex. (Court-appointed), for defendant-appellant.

John E. Clark, U. S. Atty., Jeremiah Handy, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.

COLEMAN, Circuit Judge.

William Harris, Jr. was indicted, in four counts, as follows:

1. Conspiracy to possess with intent to distribute, and to distribute, heroin and cocaine, 21 U.S.C., § 841(a)(1);

2. Distribution of six ounces of heroin on August 15, 1974, and aiding and abetting such distribution, § 841(a)(1); 18 U.S.C., § 2;

3. Distribution of approximately one pound of heroin; aiding and abetting the same; on August 27, 1974;

4. Aiding and abetting one Milciades Sosa, on September 12, 1974 in the unlawful possession of large quantities of heroin and cocaine.

The trial jury considered the case for the better part of two days.

At 11:30 A.M. of the second day the jury reported in writing, "The jury is hung". It was given the Allen charge and sent to lunch.

At 1:45 P.M. the jury asked for a repetition of the charge as to prior good reputation (good character) for truth, veracity, and as a law abiding citizen. The charge on this subject as originally given was then repeated.

At 4:30 P.M. the jury returned its verdict. Harris was acquitted on the substantive counts (2, 3, and 4) and convicted of conspiracy, Count 1.

The charge on good reputation, twice given the jury, concluded with this language:

"In arriving at your verdict, you must consider all of the evidence in the case. However, evidence of good reputation should not constitute an excuse to acquit this defendant if the jury after weighing all the evidence including the evidence of good character is convinced beyond a reasonable doubt that the Defendant is guilty of any one or more of the crimes charged in the various counts of the indictment."

In *United States v. Leigh,* 5 Cir., 1975, 513 F.2d 784, 785, the following language at the conclusion of a good reputation charge was held to be reversible error:

"However, evidence of good reputation should not constitute an excuse to acquit the defendant if you, the jury, after weighing all of the evidence in the case, is convinced beyond a reasonable doubt that the defendant is guilty of the offenses charged in the indictment."

Harris testified in his own behalf. Thus his truth and veracity was a critical issue. Several citizens of Laredo testified to Harris' good reputation in the community as a law abiding citizen.

At the charge conference, appointed counsel had submitted two proposed charges concerning good reputation. They were rejected and another form was used, which included the language quoted above.

On the authority of *United States v. Leigh, supra,* the conviction is reversed and the case is remanded for a new trial on Count 1.

REVERSED and REMANDED for a new trial.