HARRY WELCOME BEDDOW, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9552

December 21, 1977                           572 P.2d 526

*Morgan D. Harris,* Clark County Public Defender, and *George Franzen,* Deputy Public Defender, Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* Clark County District Attorney, *H. Leon Simon* and *Thomas Beatty,* Deputy District Attorneys, Clark County, for Respondent.

# OPINION

By the Court, MANOUKIAN, J.:

Two officers of the Las Vegas Metropolitan Police Department were dispatched to a civil disturbance at a trailer park. After discussing the matter with the neighbor who initiated the complaint, the officers, informed that appellant was intoxicated and possibly carrying a revolver, approached the mobile home of the appellant.

Although it was in the early morning hours, the area was adequately lighted and the officers could see a male and a female inside appellant's residence. The officers testified that the appellant was drinking a beer and got up slowly from the table to answer the door. As Beddow approached, a gun was visible inside his right rear pant pocket. An officer commanded Beddow to take his hands away from his side and not touch the weapon. Beddow stepped toward the door and as he did the gun was momentarily hidden from the officers' view. Simultaneously, the appellant moved his right hand around his back.

The officers, fearing for their safety and for the safety of appellant should they have been forced to draw their own service weapons, immediately entered the trailer and disarmed appellant who resisted. The officers next attempted to remove Beddow to a neutral area outside the residence. A struggle ensued and both appellant and an officer fell down some steps. The appellant hit the side of his head on a concrete patio, suffered a laceration over his eye, and was knocked unconscious. The officers further testified that the appellant appeared to be intoxicated and that he had defecated in his pants. The officers applied cold compresses to appellant's injury and transported him by ambulance to a hospital where he refused treatment of his injury.

The jury rendered a verdict of guilty of attempted resisting of a public officer, and the trial court entered judgment of conviction. Thereafter, appellant was sentenced to serve one year in the Clark County Jail; the sentence was suspended

with appellant placed on probation. Appellant appeals from that conviction.

Appellant asserts three specifications of error for our determination: (1) the evidence is insufficient to support the conviction; (2) the trial court erred in admitting claimed hearsay testimony, over objection; and (3) the trial court erred in refusing appellant's proposed jury instruction.

1. *Sufficiency of Evidence.*

Appellant contends that the State did not present sufficient evidence upon which to base his conviction. NRS 199.280 reads in part:

> Every person who, in any case or under any circumstances not otherwise specially provided for, shall willfully resist, delay or obstruct a public officer in discharging or attempting to discharge any legal duty of his office shall be punished:
> 1. Where a dangerous weapon is used in the course of such resistance, obstruction or delay, by imprisonment in the state prison for not less than 1 year nor more than 6 years.

To be guilty of an attempted crime, however, the acts of the accused must be sufficient to satisfy the test recognized by this court in Vincze v. Sheriff, 86 Nev. 474, 470 P.2d 427 (1970).

> The elements of an attempt to commit a crime in this state are: (1) an intent to commit a crime, (2) performance of some act toward its commission, and (3) failure to consummate its commission.

86 Nev. at 477, 470 P.2d at 429.

Appellant argues that the mere fact that his hand reached back toward his rear pocket is legally insufficient evidence upon which to base his felony conviction. He asserts that an alternative explanation to this behavior is that Beddow reached behind him to determine whether he in fact had defecated in his pants. Both officers testified that as the appellant lay unconscious, they had observed that he defecated in his pants. One officer testified that he thought this occurred during the struggle as he had heard a noise "indicative of someone breaking wind." Thus, appellant urges the explanation that he was reaching behind because he had defecated in his pants. This interpretation of the events is totally inconsistent with

appellant's trial strategy. There, to rebut the implication that appellant had defecated because of intoxication, appellant's counsel produced expert medical testimony that defecation could have occurred during appellant's period of unconsciousness. As well, on direct examination the appellant himself testified that he had defecated in his pants while unconscious during another incident. Appellant's belated argument that he was reaching behind him because he had defecated is unavailing.

The jury found that the State had proven every element of the crime charged, *see,* Mullaney v. Wilbur, 421 U.S. 684 (1975), which was within its prerogative. Harris v. State, 88 Nev. 385, 498 P.2d 373 (1972); McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970). There is substantial evidence to support the verdict, and we will not disturb it. Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

2. *Admissibility of Claimed Hearsay Testimony.*

At trial, appellant attempted to have excluded allegedly hearsay evidence, but his motion *in limine* was denied as was, at trial, his objection to the "offending" testimony. The evidence offered through the testimony of the police officers consisted of the statements appellant's neighbors made to the officers pertaining to appellant's purported intoxication and the fact that he was known to carry a gun.

Nevada has adopted the rather standardized definition of hearsay as any out of court statement offered to prove the truth of the matter asserted. NRS 51.035. Were the statements related by the officers offered as truth of those assertions, the testimony would have been unquestionably hearsay and equally as offending to appellant's Fifth Amendment confrontation rights. Dutton v. Evans, 400 U.S. 74 (1970). An issue in the prosecution of this matter concerned the reactions of the police officers to appellant's refusal to move his arms from his sides and away from his weapon as commanded, and his reaching behind his back toward the weapon.

> Whenever an utterance is offered to evidence the *state of mind* which ensued *in another person* in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the hearsay rule is concerned. (Emphasis in original.)

6 Wigmore, *Evidence* 314 (Chadbourn Rev. 1976).

As the officers' response to this behavior was an issue, the testimony of the officers concerning the neighbors' statements was, as an exception to the hearsay rule, relevant to evidence their then existing states of mind. NRS 51.105. Further, the trial court instructed the jury that "[t]he police officers' testimony as to what the occupants of trailer space 164 told them is not being offered as proof that the Defendant, Mr. Harry W. Beddow, was doing what those occupants said he was doing. The officers' testimony as to what the occupants of space 164 said, may be considered only for the purpose of evaluating the police officers' state of mind at the time that they went to the Defendant's home." This added precaution minimized the possibility of prejudice.

Appellant cites State v. Emery, 480 P.2d 445 (Ore.App. 1971), as being parallel to the case before us and therefore supportive of his argument. Emery is inapposite, as there the extrajudicial statements were corroborative of the victim's testimony as to the acts constituting the charged offense.

The evidence was properly admitted from both an evidentiary as well as a constitutional point of view.

3. *Refusal of Jury Instruction.*

Appellant next asserts as error the trial court's refusal to give the following jury instruction:

> The defendant has introduced evidence of his reputation for being a peaceful and law-abiding citizen. This evidence may be sufficient when considered with the other evidence in the case to raise a reasonable doubt of the defendant's guilt. However, if from all the evidence in this case you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is your duty to find him guilty, even though he may have a good reputation for being a peaceful and law-abiding citizen.

Appellant is correct in his contention that an accused is permitted a jury instruction on the legal effect of good character evidence produced at trial. In State v. Kaiser, 508 P.2d 74 (Ariz. 1973), the court stated:

> It is well established that the accused when presenting his case, may offer evidence of his good character as substantive evidence from which the jury may infer that he did not commit the crime charged.

*Id.* at 75.

In United States v. Frischling, 160 F.2d 370 (3rd Cir. 1947), the defendant requested an instruction which read:

> Good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt sufficient to justify you in acquitting the defendant.

*Id.* at 370.

The trial court refused that instruction, substituting in lieu thereof a charge that the jury give the character evidence "such weight as the jury should deem it entitled to under all the evidence in the case." *Id.* The circuit court reversed, stating:

> It has long been the rule that it is the duty of the trial judge to instruct the jury in substance that reputation of the defendant's good character, when put in evidence, is a fact which they should consider with the other facts in the case and which, when so considered, may, like other facts, generate a reasonable doubt which would justify acquittal.

*Id.*

Although in the instant case the requested instruction paralleled significantly the requested instruction in *Frischling,* the apparent similarity was disrupted by the following additional language in the subject instruction now before this Court.

> However, if from all the evidence in the case you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is your duty to find him guilty, even though he may have a good reputation for being a peaceful and law-abiding citizen.

This additional language, unfortunately for appellant, parallels the language which caused a reversal of the federal district court in United States v. Leigh, 513 F.2d 784 (5th Cir. 1975). There, the offending language in the jury instruction read in part:

> The circumstances may be such that evidence of good reputation as to truth, veracity, sobriety and being a peaceable and law-abiding citizen, may alone create a reasonable doubt of the defendant's guilt, although without it the other evidence would be convincing. *However, evidence of good reputation should not constitute an excuse to acquit the defendant if you, the jury, after weighing all of the evidence in the case, is* [sic] *convinced*

> *beyond a reasonable doubt that the defendant is guilty of the offenses charged in the indictment.* (Circuit Court emphasis.)

*Id.* at 785.

The rationale of the *Leigh* court for reversal was principally premised upon the effect to be given character evidence. In reviewing the jury instruction, the court held that:

> Unfortunately, the final sentence of the charge is so fatally defective that it negates the entire instruction, and requires reversal of appellant's conviction. First, of course, the sentence is an erroneous statement of the law. At least since Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896), the rule has been that the jury must consider reputation evidence in the same manner as it considers all other evidence, not, as this instruction suggests, "after weighing all of the evidence in the case. . . ." Seizing on this sentence, the jury could easily have formed the impression that reputation evidence could only be used to tip the scales in defendant's favor if the case was [*sic*] otherwise close; this is precisely the contention rejected by the Supreme Court in *Edgington,* supra.

*Id.* at 786.

Our review of the proffered jury instruction equally suggests that the jury may have considered the legal effect of character evidence to be a "balancing" factor. Thus, the trial court was justified in refusing to give that instruction. *See,* Porterie v. Peters, 532 P.2d 514 (Ariz. 1975).

We note that appellant was sentenced to the Clark County Jail for a term of one year and that that sentence was suspended and appellant placed on probation. The sentence is erroneous, since appellant was convicted of a felony. *See,* NRS 199.280 and 208.070. Accordingly, this case must be remanded for modification of sentence consistent with law.

The conviction is affirmed and the matter remanded for purposes of a felony sentencing in conformity with law.

BATJER, C. J., and MOWBRAY, GUNDERSON, and ZENOFF,[1] JJ., concur.

---

[1] The Chief Justice designated the HONORABLE DAVID ZENOFF, CHIEF JUSTICE (Retired), to sit in this case. Nev. Const. art. 6, § 19; SCR 244.