THOMAS GEORGE SMITH, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13536

March 26, 1985                                        697 P.2d 113

---

*David Parraguirre,* Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *John Kadlic,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:[1]*

Following a trial by jury, appellant was convicted of one count each of first degree kidnapping with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and sexual assault. This appeal ensued. Appellant now contends, among other things, that the State of Nevada did not have jurisdiction to prosecute him for the offense of sexual assault and attempted murder because these offenses were committed outside this state.[2] For the reasons set forth below, we disagree with this contention.

The relevant Nevada statute concerning this state's jurisdiction

---

[1]This appeal was previously dismissed on the merits in an unpublished order of this court. Upon motion of the respondent, we have determined that our decision should be issued in a public opinion. Accordingly, we hereby issue this opinion in place of our Order Dismissing Appeal filed December 17, 1984.

[2]Appellant brought pretrial motions to dismiss the charges against him in both the justice's court and the district court. Both courts denied these motions, concluding that Nevada did in fact have jurisdiction to prosecute appellant for the offenses in question.

to proceed against a defendant in a criminal prosecution is NRS 171.020. This statute provides:

> Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of such intent, which culminates in the commission of a crime, either within or without this state, such person is punishable for such crime in this state in the same manner as if the same had been committed entirely within this state.

Accordingly, the mere fact that an offense may have actually culminated in another state is not dispositive of the jurisdictional question, and we must therefore review the facts of this case to determine if appellant committed any acts in Nevada "in execution or part execution" of his intended crimes.

Our review of the record reveals that appellant first kidnapped his victim from her home in Nevada, forced her into his van, and then transported her approximately ten miles across the Nevada state line into California. While in California, he sexually assaulted the victim, attempted to murder her, and ultimately abandoned her.

It appears clear from appellant's conduct, viewed as a whole, that appellant formulated the intent to commit a sexual assault and murder while in Nevada, at the time he first kidnapped his victim and forced her into his van. Further, his actions in Nevada were themselves criminal in nature and were a necessary and integral part of a larger crime plan to assault and murder the victim. We therefore conclude that appellant's criminal acts in Nevada were committed in "partial execution" of this plan and that Nevada had jurisdiction to prosecute appellant for all of the crimes in question pursuant to NRS 171.020.

We recognize, however, that in Vincze v. Sheriff, 86 Nev. 474, 470 P.2d 427 (1970), we indicated that when a crime culminates or is completed within another state, a defendant must have performed acts within Nevada which constitute an actual attempt to commit the crime before this state will have jurisdiction to prosecute the defendant for the crime. We also recognize that by simply kidnapping the victim in Nevada and transporting her in his van, appellant performed no act constituting an actual attempt to commit the crimes of sexual assault or murder. *See generally* Vincze v. Sheriff, *supra,* 86 Nev. at 477, 470 P.2d at 429. Nevertheless, we conclude that, in a case such as this, when a defendant commits criminal acts in Nevada which are a substantial and integral part of an overall continuing crime plan, and which are clearly in "partial execution" of the plan, this particular requirement of *Vincze* is inapplicable. This conclusion is fully supported by the language used in NRS 171.020.

Accordingly, there is no merit to appellant's contention that Nevada lacked jurisdiction to prosecute him for the offenses of sexual assault and attempted murder. We have also reviewed appellant's remaining contentions and have concluded that they are without merit. Accordingly, the judgment of conviction is affirmed in all respects.[3]

---

[3]THE HONORABLE C. CLIFTON YOUNG, Justice, did not participate in the consideration of this appeal.