JIMMY RAY CARSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 20399

December 27, 1990 803 P.2d 230

*William H. Smith,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, and *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Jimmy Ray Carson was charged with two counts of sexual assault involving the same woman. At trial, Carson's attorney attempted to elicit testimony from his client supporting a consent defense: namely, statements made by the victim during the course of the alleged assaults. The State lodged numerous hearsay objections to this line of questioning. Defense counsel maintained that the statements went toward Carson's state of mind and were not being offered for their truth. The trial court sustained the objections. Carson was convicted and sentenced to life in prison. Appellant appeals his inability to fully present the consent defense. We hold that the hearsay rulings of the court below were in error and hereby reverse appellant's convictions.

Carson did not deny having sexual contact with the victim. He maintained however, that she fully consented to the contact. At trial he testified that, at the victim's request, he massaged her shoulders, neck, back, and legs, and that when he placed his hand between her legs she responded with "moans." Carson's counsel then asked his client whether she indicated that she wanted him to stop. The State objected on hearsay grounds and the court sustained the objection. Carson then testified that the victim sighed when he massaged between her legs. The court instructed the jury to disregard this statement. Other attempts to introduce statements the appellant took to imply consent met with similar exclusion on hearsay grounds.

Appellant argues that the ability to show that the victim was responsive to his sexual advances was a vital part of his consent defense. He asserts that the trial court's exclusion prevented full presentation of this defense to the jury. We believe that appellant is correct in asserting that the victim's out-of-court declarations were admissible to establish state of mind. This exception is codified in NRS 51.105(1).[1] In Beddow v. State, 93 Nev. 619,

---

[1]NRS 51.105(1) states:

 A statement of the declarant's then existing state of mind, emotion, sensation or physical condition, such as intent, plan, motive, design, mental feeling, pain and bodily health, is not inadmissible under the hearsay rule.

572 P.2d 526 (1977), we sustained the admission of hearsay evidence when the statements were offered as evidence relevant to the listener's existing state of mind. We cited 6 Wigmore, *Evidence* § 314 (Chadbourn Rev. 1976):

> Whenever an utterance is offered to evidence the *state of mind* which ensued *in another person* in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the hearsay rule is concerned. (Emphasis in original.)

93 Nev. at 623, 572 P.2d at 528-29.

In its brief and in argument before this court, the State largely concedes the error of the trial court's hearsay rulings. It maintains, however, that even if the hearsay rulings were erroneous, they amounted to no more than harmless error. We cannot agree. Appellant did not deny having sexual contact with the victim. His entire defense rested on a consent theory, the effective presentation of which was prevented by the court's hearsay rulings. These rulings went beyond mere harmless error and necessitate reversal.

Accordingly, we hereby reverse appellant's convictions and remand the matter to the district court.