# IN THE SUPREME COURT OF THE STATE OF NEVADA

WALDIN ALEXANDER SAENZ-VILLALTA, A/K/A FERNANDO PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80730

FILED

MAY 26 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of attempt murder with use of a deadly weapon, first-degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, robbery with use of a deadly weapon, conspiracy to commit murder, conspiracy to commit kidnapping, and conspiracy to commit robbery. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

It is undisputed that appellant Waldin Saenz-Villalta (Saenz) drove himself and three passengers to a remote desert location near the California border, and that while in the desert one of the passengers was shot and left for dead. Saenz, the other two passengers, and a fourth man (who was not present in the desert) were charged with kidnapping, robbery, attempt murder, and associated conspiracy charges. Two defendants pleaded guilty, but Saenz and one other passenger (Villanueva) maintained their innocence. Saenz and Villanueva were jointly represented at trial, following a thorough canvass by the district court to ensure they understood the risks of joint representation. Although they acknowledged their presence at the shooting, they argued that they had intended only to

21-15047

participate in a nonviolent (albeit illegal) drug deal, and that the shooting took them by surprise. They argued that they were unwitting pawns in the two other defendants' violent scheme. Both Saenz and Villanueva were convicted on all charges. They appealed separately, and this order addresses only Saenz's arguments.

*Ineffective assistance of counsel*

In this appeal, Saenz first alleges that he received ineffective assistance of counsel at trial. Ordinarily, claims of ineffective assistance of counsel should be raised in a petition for a writ of habeas corpus, not on direct appeal, "unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless." *Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006). Here, although the district court held no evidentiary hearing, some of Saenz's claims are conclusively refuted by the record, making such a hearing needless and inefficient.[1]

First, we reject Saenz's contention that counsel was conflicted due to the joint representation. The district court "conduct[ed] an extensive canvass," consuming eight pages of the record, "to determine whether [the defendants] made a knowing, intelligent, and voluntary waiver of their right to conflict-free representation." *Ryan v. Eighth Judicial Dist. Court*, 123 Nev. 419, 429, 168 P.3d 703, 710 (2007). Having been thoroughly advised of the risks of joint representation, Saenz cannot now "complain that the conflict he waived resulted in ineffective assistance of counsel." *Id.* (quoting *Gomez v. Ahitow*, 29 F.3d 1128, 1135 (7th Cir. 1994)).

---

[1]Saenz raises several other claims in addition to those addressed herein. Those claims are either not cogently argued, inappropriate for resolution on this record, or both. Thus, we decline to consider them.

Second, we reject Saenz's contention that counsel was ineffective for failing to object to the statement by Detective Hawkins that he worked with "major violators" and "repeat offenders." Although defense counsel did not object, the district court sua sponte interjected and gave a limiting instruction to the jury. The court explained to the jury that the detective's references to "major violators" and "repeat offenders" related only to his experience and prior work assignments, and that the defendants in fact had no prior criminal record. The district court's instruction cured any prejudice resulting from Hawkins' testimony because "[a] jury is presumed to follow its instructions." *Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) (quoting *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)). Thus, Saenz cannot show that counsel's failure to object was prejudicial.

Third, we reject Saenz's contention that counsel unreasonably conceded guilt during closing argument. Saenz points to counsel's statement that "the crime of attempted murder, and the crime of robbery were committed in Novato, California. It's our argument that you find him not guilty because those crimes were not committed in this state." That statement cannot reasonably be interpreted as a concession of guilt. Counsel's statement acknowledged the undisputed fact that crimes *were* committed: a victim was robbed, shot and left to die. That was consistent with Saenz's theory that *he* was not guilty because he neither agreed to nor intended to take part in any robbery, kidnapping, or murder.

*Territorial jurisdiction*

Saenz next contends (as he did below) that the State did not establish that the robbery or attempted murder occurred in Nevada. This argument fails as a matter of law. Under NRS 171.020, Nevada courts have jurisdiction over a crime when "(1) a defendant has criminal intent

(irrespective of where it was formed) and (2) he or she performs any act in this state in furtherance of that criminal intent." *McNamara v. State*, 132 Nev. 606, 611, 377 P.3d 106, 110 (2016). Thus, when a defendant kidnaps a victim in Nevada and transports him or her to another state for the purpose of committing further crimes, those further crimes may be charged in this state. *See Smith v. State*, 101 Nev. 167, 169, 697 P.2d 113, 114-15 (1985). Here, because the kidnapping began in Nevada, it is immaterial whether the robbery and shooting took place here or in California.

*Bruton does not apply*

Saenz next contends that the district court should have sua sponte severed his and Villanueva's trials under *Bruton v. United States*, 391 U.S. 123 (1968). "*Bruton* provides that the admission of a nontestifying codefendant's inculpatory statement that expressly implicates the defendant violates the Confrontation Clause." *Turner v. State*, 136 Nev., Adv. Op. 62, 473 P.3d 438, 444 (2020). *Bruton* does not apply if the codefendant testifies. *See Nelson v. O'Neil*, 402 U.S. 622, 629-30 (1971); *see also* Nissman & Hagen, *Law of Confessions* § 17:4 (2d ed. 2020) ("*Bruton* confrontation claims are always rejected if the confessing codefendant testifies, because the declarant is available for cross-examination."). Because Villanueva testified at trial, this contention fails.

*Expert testimony*

Next, Saenz argues that the court abused its discretion by admitting Detective Sedano's testimony regarding the price of methamphetamine, which the State used to undermine Saenz's theory that he had gone to the desert to purchase drugs. Saenz argues that, as Detective Sedano had not worked in the narcotics division for several years, he was not qualified as an expert under the factors set forth in *Hallmark v.*

*Eldridge*, 124 Nev. 492, 499, 189 P.3d 646, 650-51 (2008). These are "(1) formal schooling and academic degrees, (2) licensure, (3) employment experience, and (4) practical experience and specialized training." *Id.* (footnotes omitted). This argument is meritless. Detective Sedano was well qualified in the area of narcotics by his years of employment and practical experience as a DEA task force detective. The district court did not abuse its discretion by permitting the detective to testify as an expert.

*Sufficiency of the evidence*

Saenz next contends there was insufficient evidence to support the kidnapping, attempt murder, and associated conspiracy charges. In reviewing an allegation of insufficient evidence, this court reviews the evidence "in the light most favorable to the prosecution," and determines whether or not "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (quoting *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984)). The record contained evidence—including Saenz's own testimony—that Saenz had agreed with the other defendants to "scare" the victim; had driven the car out to the desert; had obtained firearms at a nightclub while directing the victim to remain in the car; and had accepted money for his actions that evening. The jury could have found, based on this evidence, that Saenz agreed to (and did) trick the victim into going into the desert for the specific purpose of robbing and shooting him.

Saenz also contends that there was insufficient evidence to support the deadly weapon enhancement for kidnapping. He contends that no weapon was pulled on the victim until after he got out of the car, and that the kidnapping was over when the victim exited the car. But Saenz

misstates the record: the victim testified that he was shown a gun *as* he was ordered out of the car, not after. Thus, there was sufficient evidence for a jury to conclude that a deadly weapon was used in the kidnapping.[2]

*Cumulative error*

Finally, Saenz contends that cumulative error denied him a fair trial. Because we have rejected Saenz's assignments of error, we conclude that his allegation of cumulative error lacks merit. *See United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) ("[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:     Chief Judge, Eighth Judicial District Court

---

[2]We conclude that there was sufficient evidence to find that Saenz "used" a firearm, even if he was not the one to brandish or shoot it, because there was evidence that he knew that his coconspirators were armed and would use their weapons. *See Brooks v. State*, 124 Nev. 203, 210, 180 P.3d 657, 661 (2008). But we reject the State's argument that Saenz's mere "possession" of a firearm, without more, would support the enhancement. *See id.* at 209, 180 P.3d at 661.

Eighth Judicial District Court, Department 9
Hon. Mary Kay Holthus, District Judge
Karen A. Connolly, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk