ROOSEVELT TURNER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12430

June 3, 1982                                          645 P.2d 971

---

[4]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

*Manos & Cherry,* and *Mark Bailus,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney; *James Tufteland,* and *Randy Pike,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, appellant Roosevelt Turner was convicted of two counts of robbery, two counts of kidnaping, and two counts of battery with the intent to commit robbery, each with the use of a deadly weapon.

One night, at approximately 11:30 p.m., the two victims were forced, at gunpoint, to admit appellant and his cohort into their apartment. They were later joined by a third intruder. During the lengthy ordeal which followed, the victims were tied, threatened with death, moved to various rooms

throughout the residence, and physically harmed. Under coercion, the victims revealed the location of their money and jewelry. Appellant and his companions left the premises only after coercing a promise from one of the victims to obtain more money.

On appeal, appellant contends it was error to find him guilty of first degree kidnaping as a separate associated offense. *See* NRS 200.310(1).[1] We disagree.

A separate conviction of kidnaping will lie if the movement of the victims is not incidental to the associated offense and there is a substantially increased risk of harm beyond that necessarily present in the associated offense. Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978). Whether the movement of the victims is incidental to the associated offense and whether it increased the risk of harm to the victims are questions of fact to be determined by the trier of fact in all but the clearest cases. Sheriff v. Medberry, 96 Nev. 202, 606 P.2d 181 (1980). In the case at bar, the evidence does not warrant interference with the jury's determination.

We also disagree with appellant's claim that it was prejudicial error to admit into evidence his inculpatory statement suggesting his presence at the crimes.

While at the police station to retrieve his property, appellant was interviewed by the police officer connected with the investigation of the crimes.[2] During this interview, and before the statement was made, appellant informed the officer that he "didn't want to talk about it."

---

[1]NRS 200.310(1) (1959) (amended July 1, 1979) in pertinent part, reads as follows:

200.310 1. Every person who shall willfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap or carry away any individual human being by any means whatsoever with the intent to hold or detain, or who holds or detains, such individual for the purpose of committing extortion or robbery upon or from such individual, . . . shall be deemed guilty of kidnaping in the first degree.

[2]At trial, the officer testified as follows:

Question. And what was it specifically that you asked or stated to him that prompted his response that you have given us, as near to the exact words as you can tell us?

Answer. I told him, I says, "If you get up there before the jury and they identify you as the person that stuck that gun up her and says, "see how this goes off," I told him, "they will hang you."

Question. And that's as near as you can tell what your words to him were?

Answer. Yes, sir.

Question. And what was his response to that?

Answer. It was Will.

The respondent concedes that the officer's continued conversation with appellant is a violation of appellant's consitutional right to remain silent. Nevertheless, not every constitutional error mandates reversal. Chapman v. California, 386 U.S. 18 (1967). Where the independent evidence of guilt is overwhelming, the improperly admitted evidence is harmless error and the resulting conviction will not be reversed. *Accord* Chapman v. California, *supra*. *See* Corbin v. State, 97 Nev. 245, 627 P.2d 862 (1981).

In the instant case, appellant was positively identified by both victims as one of their assailants. The case against appellant does not rest solely upon circumstantial evidence, but is predicated upon the testimony of eyewitnesses to the crimes. *See* Corbin v. State, *supra*. Accordingly, the error was harmless beyond a reasonable doubt.

The numerous other issues raised on appeal have been considered and are without merit or fail to demonstrate prejudicial error.

The judgment of the district court is affirmed.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[3] concur.