# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARMANDO VASQUEZ-REYES, A/K/A
ARMANDO VASQUIEZREYES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80293

FILED

MAR 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of lewdness with a child under the age of 14 and eight counts of sexual assault with a minor under the age of 14.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. The district court sentenced appellant Armando Vasquez-Reyes to an aggregate sentence of life with the possibility of parole after 45 years and required him to register as a sex offender upon release. Vasquez-Reyes raises numerous issues on appeal.

*Sufficiency of the evidence*

Vasquez-Reyes summarily argues that the State did not present sufficient evidence to support his convictions. We disagree. The State presented testimony from the victims that supported each of Vasquez-Reyes' convictions. Both victims testified with particularity about the crimes, including when and where in the household the sexual abuse occurred. That testimony alone is sufficient to support the convictions. *See Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005) (explaining that "the uncorroborated testimony of a victim, without more, is sufficient to uphold a rape conviction"). Moreover, Vasquez-Reyes confessed to

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

22-08619

touching one of the victims (G.A.) on multiple occasions, including on her breast and legs, and to sexually penetrating her. Therefore, we conclude that a rational juror could find the essential elements of the crimes beyond a reasonable doubt. *See* NRS 200.364(9) (defining "sexual penetration"); NRS 200.366(1)(b) (sexual assault with a minor); NRS 201.230 (lewdness with a minor); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (holding that, in reviewing sufficiency of the evidence challenges, the relevant inquiry is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quoting *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984))); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (providing that "it is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of the witnesses").

*Prosecutorial misconduct*

Vasquez-Reyes also argues that the State committed prosecutorial misconduct.[2] In resolving claims of prosecutorial misconduct, we first determine whether misconduct occurred and then decide whether any misconduct denied the defendant a fair trial. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). As relevant here, with respect to the second step, we "will not reverse a conviction based on prosecutorial misconduct if it was harmless error," and where the error is not of constitutional dimensions, we "will reverse only if the error substantially affects the jury's verdict." *Id.* at 1188-89, 196 P.3d at 476.

---

[2]Vasquez-Reyes objected below to each alleged instance of prosecutorial misconduct addressed in this order.

First, Vasquez-Reyes argues that the State improperly minimized the burden of proof and implied that it could easily be satisfied when the prosecutor stated reasonable doubt was "not something that's a mystical thing." We agree. "The concept of reasonable doubt is inherently qualitative. Any attempt to quantify it may impermissibly lower the prosecution's burden of proof, and is likely to confuse rather than clarify." *McCullough v. State*, 99 Nev. 72, 75, 657 P.2d 1157, 1159 (1983); *see also* NRS 175.211 (defining reasonable doubt and providing that no other definition may be given). Nevertheless, we conclude that the prosecutor's statement was harmless because the district court correctly instructed the jury on the definition of reasonable doubt. *See Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001) (holding that "incorrect explanations of reasonable doubt [are] harmless error as long as the jury instruction correctly defined reasonable doubt").

Vasquez-Reyes next argues that the prosecutor misstated evidence, improperly introduced personal opinion during rebuttal, and improperly vouched for G.A. We agree that the State technically misstated evidence as to the average IQ and improperly stated that Vasquez-Reyes had groomed G.A. Nevertheless, this does not warrant reversal because the prosecutor made these statements in passing and a witness provided the jury with the correct IQ information. *See Byars v. State*, 130 Nev. 848, 865, 336 P.3d 939, 950-51 (2014) (holding that this court will not lightly overturn a jury verdict based on a prosecutor's statements); *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (recognizing that comments constituting misconduct that are "merely passing in nature" are harmless beyond a reasonable doubt). We reject Vasquez-Reyes' remaining arguments on this issue, however, because the context reveals that the prosecutor was responding to Vasquez-Reyes' challenges to the victims'

credibility. *See Rowland v. State*, 118 Nev. 31, 40, 39 P.3d 114, 119 (2002) (reviewing a prosecutor's statements in context and noting that the State has "reasonable latitude . . . to argue the credibility of the witness" when the case's outcome relies on "which witnesses are telling the truth").

Vasquez-Reyes also argues that the State committed prosecutorial misconduct by misstating evidence regarding disagreements in Vasquez-Reyes' family and improperly shifting the burden of proof. We disagree, because the statements did not call attention to Vasquez-Reyes' failure to testify and, in context, were reasonably inferred from the responding officer's testimony and responsive to defense counsel's argument regarding G.A.'s testimony. *See Allred v. State*, 120 Nev. 410, 418, 92 P.3d 1246, 1252 (2004) ("[A]s long as a prosecutor's remarks do not call attention to a defendant's failure to testify, it is permissible to comment on the failure of the defense to counter or explain evidence presented." (internal quotation marks omitted)); *Williams v. State*, 113 Nev. 1008, 1018-19, 945 P.2d 438, 444-45 (1997) (holding that a prosecutor may respond to a defense argument), *overruled on other grounds by Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000); *Parker v. State*, 109 Nev. 383, 392, 849 P.2d 1062, 1068 (1993) (holding that a "deduction or a conclusion from the evidence introduced in the trial, [is] permissible and unobjectionable" (internal quotation marks omitted)). We similarly reject Vasquez-Reyes' argument that the State committed misconduct by stating that no evidence supported his argument that he, G.A., and G.A.'s siblings argued often, with police getting involved on occasion. A prosecutor may respond to defense theories, *see Williams*, 113 Nev. at 1018-19, 945 P.2d at 444-45, and the prosecutor's statements here were properly deduced from the evidence, *see Parker*, 109 Nev. at 392, 849 P.2d at 1068.

We also reject Vasquez-Reyes' argument that the State elicited improper vouching testimony by asking the responding officer about G.A.'s demeanor, with the officer responding that she seemed "very genuine." This testimony did not touch upon G.A.'s testimony and, in context, described G.A.'s demeanor without opining as to her truthfulness. *See Farmer v. State*, 133 Nev. 693, 705, 405 P.3d 114, 125 (2017) (rejecting the appellant's claim that the "State's witnesses inappropriately vouched for one another by making statements regarding the victims' demeanor"); *Perez v. State*, 129 Nev. 850, 861, 313 P.3d 862, 870 (2013) ("A witness may not vouch for the testimony of another or testify as to the truthfulness of another witness."). Finally, we reject Vasquez-Reyes' argument that the State disparaged the defense, because the prosecutor commented on weaknesses in the defense theory, rather than defense counsel or their tactics.[3] *See Butler v. State*, 120 Nev. 879, 897-98, 102 P.3d 71, 84 (2004) (describing instances where a prosecutor's statement amounted to disparagement of counsel or of the defense theory).

*Jury instructions*

Vasquez-Reyes challenges several jury instructions. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "An

---

[3]Vasquez-Reyes also appears to argue that the prosecutor's alleged mischaracterization of the defense theory constituted misconduct warranting reversal and notes the denial of his motion for mistrial based on cumulative prosecutorial misconduct. Vasquez-Reyes neither cogently argues these points nor provides relevant authority to support them so we decline to address them further. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

We first reject Vasquez-Reyes' contention regarding the no-corroboration instruction because the given instruction is nearly identical to the one we approved in *Gaxiola v. State*, 121 Nev. 638, 649, 119 P.3d 1225, 1233 (2005). We decline Vasquez-Reyes' invitation to revisit *Gaxiola*.[4] We further reject his claims regarding the reasonable doubt instruction because it is consistent with the law. *See* NRS 175.211(2) (providing that "[n]o other definition of reasonable doubt may be given by the court to juries in criminal actions in this State"); *Batson v. State*, 113 Nev. 669, 674-75, 941 P.2d 478, 482 (1997) (rejecting a challenge to a jury instruction using the language required by NRS 175.211).

Next, we reject Vasquez-Reyes' challenges to several instructions because they allegedly contained superfluous language; other instructions or proposed instructions more accurately reflected the law; and/or the given instructions were irrelevant, cumulative, and confusing. The challenged instructions applied to the facts of this case, clarified a potentially confusing issue for the jury, accurately represented the law, and/or addressed the elements the State was required to prove. *See* NRS 201.230 (elements and punishment for lewdness with a child); NRS 200.366 (elements of sexual assault); *Gaxiola*, 121 Nev. at 651, 119 P.3d at 1234; *Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 285 (2004) (distinguishing between sexual encounters constituting separate and distinct acts and those that are part of the same episode); *Jackson*, 117 Nev. at 121-22 & n.6,

---

[4]For this reason, we further reject Vasquez-Reyes' related argument that his proposed Instruction I would have ameliorated the purported prejudice of Jury Instruction 13 regarding corroboration.

SUPREME COURT
OF
NEVADA

6

(O) 1947A

17 P.3d at 1001-02 & n.6 (holding that the district court did not abuse its discretion despite superfluous language in a jury instruction if it otherwise applies); *LaPierre v. State*, 108 Nev. 528, 531, 826 P.2d 56, 58 (1992) (holding that "the victim must testify with *some* particularity regarding the incident"); *McNair v. State*, 108 Nev. 53, 56-57, 825 P.2d 571, 574 (1992) (providing that the essential elements of sexual assault include "nonconsent" but not "[p]hysical force").

Vasquez-Reyes also challenges the district court's decision to reject several of his proposed jury instructions. The given instructions adequately covered Vasquez-Reyes' proposed instructions on witness credibility and the victims' motives, *see Vallery v. State*, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002) (holding that a court may refuse an instruction where it is substantially covered by other instructions); the jurors knew they could request playbacks if needed, *cf. Miles v. State*, 97 Nev. 82, 84, 624 P.2d 494, 495 (1981) (holding that the district court did not abuse its discretion by refusing to provide a read back of testimony); the fact that Vasquez-Reyes did not flee "is open to multiple interpretations, many of which have little to do with consciousness of guilt, and which could actually reflect a strategic choice," *Commonwealth v. Hanford*, 937 A.2d 1094, 1097 (Pa. 2007) (citing cases); and the district court did not have to give the proposed circumstantial evidence instruction because it properly instructed the jury on reasonable doubt, *see Bails v. State*, 92 Nev. 95, 97-98, 545 P.2d 1155, 1156 (1976) (holding that where "the jury was properly instructed on the standards for reasonable doubt . . . it was not error to refuse the requested [circumstantial evidence] instruction"). Thus, the district court did not abuse its discretion in refusing to give the defense's proposed instructions in these areas. *See Crawford*, 121 Nev. at 748, 121 P.3d at 585. We further reject Vasquez-Reyes' argument that the district court erred by rejecting his

proposed verdict form with "not guilty" as the first option because he only relies on distinguishable, nonbinding authority for support. *See Smith v. State*, 290 S.E.2d 43, 47 (Ga. 1982) (addressing a situation where the verdict form entirely omitted "not guilty by reason of insanity," and ultimately concluding that the placement of the judgment forms was not reversible error); *see also Joshua v. State*, 507 S.W.3d 861, 864 (Tex. Ct. App. 2016) ("[P]lacement of 'Guilty' before 'Not Guilty' in an otherwise proper verdict form does not indicate a trial court is biased or influenced a jury to vote a particular way.").

*Motions to suppress confession*

Vasquez-Reyes argues that the district court erred by denying his motions to suppress his incriminating statements to officers because (1) his confession was not voluntary; (2) he did not knowingly and intelligently waive his *Miranda*[5] rights; and (3) he made the statements while unlawfully detained. In reviewing challenges to denials of a motion to suppress, "we review the district court's legal conclusions de novo and its factual findings for clear error." *Lamb v. State*, 127 Nev. 26, 31, 251 P.3d 700, 703 (2011). We reject Vasquez-Reyes' arguments regarding voluntariness because his purported medical condition, alone, is insufficient to demonstrate that his statements were involuntary.[6] *See Passama v. State*, 103 Nev. 212, 216, 735 P.2d 321, 324 (1987) (citing *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("[C]oercive police activity is a necessary predicate to the finding that

---

[5]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[6]On appeal, Vasquez-Reyes claims his low IQ score rendered his confession involuntary. In addition to the fact that he did not present this argument as part of his motions to suppress, and that there was conflicting expert testimony on the reliability of the tests, Vasquez-Reyes fails to demonstrate how this relates to coercive police conduct. *See Connelly*, 479 U.S. at 167.

a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment.")); *see also Allan v. State*, 118 Nev. 19, 4, 38 P.3d 175, 178 (2002) ("[A] confession is involuntary only if the suspect's ability to exercise his free will was overborne by police coercion."), *overruled on other grounds by Rosky v. State*, 121 Nev. 184, 191 & n.10, 111 P.3d 690, 695 n.10 (2005). And he failed to demonstrate any coercive police conduct during his interrogation. *See Passama*, 103 Nev. at 214, 735 P.2d at 323 (reviewing the totality of the circumstances in determining the voluntariness of a confession and outlining factors for courts to consider); *see also Connelly*, 479 U.S. at 167; *State v. Dobbs*, 945 N.W.2d 609, 632-33 (Wis. 2020) (declining the appellant's invitation to assess the voluntariness of his statements based solely on his physical and mental condition and concluding that "based upon the lack of proof of any improper police practices, [the appellant's] statements were voluntary").

We similarly reject Vasquez-Reyes' argument that he did not knowingly and intelligently waive his *Miranda* rights before confessing because the totality of the circumstances shows otherwise.[7] *See Mendoza v.*

---

[7]Vasquez-Reyes also argues that his waiver was not voluntary. The voluntariness inquiry for a *Miranda* waiver is subject to the same standard as the voluntariness inquiry under the Due Process Clause. *See Connelly*, 479 U.S. at 169-70 ("There is obviously no reason to require more in the way of a 'voluntariness' inquiry in the *Miranda* waiver context than in the Fourteenth Amendment confession context."). For the same reasons we reject his arguments about the voluntariness of his confession, we conclude that Vasquez-Reyes fails to demonstrate that his *Miranda* waiver was involuntary. Additionally, in his first motion to suppress, Vasquez-Reyes also argued that law enforcement did not inform him of his *Miranda* rights before the custodial interrogation. He appears to abandon this argument on appeal. To the extent he has not, any error would have been harmless because he ultimately did receive the *Miranda* warnings before confessing. *See Dobbs*, 945 N.W.2d at 631 (holding that admitting pre-*Miranda* <span>*continued on next page...*</span>

SUPREME COURT
OF
NEVADA

(O) 1947A

9

*State*, 122 Nev. 267, 277, 130 P.3d 176, 182 (2006) ("A review of the totality of the circumstances reveals that [appellant] voluntarily, knowingly, and intelligently waived his *Miranda* rights."). Vasquez-Reyes received the *Miranda* warning in English and Spanish with assistance from an interpreter, stated that he understood his rights, signed a *Miranda* card in Spanish, and agreed to talk about the incidents. Although he indicated that he felt dizzy and lightheaded during the questioning because of his diabetes and high blood pressure, the interviewing detective told him that an emergency medical technician could give him medical attention if needed. Vasquez-Reyes never sought the medical attention and did not appear in distress during the interview. Accordingly, we conclude that that the district court did not err in denying the motion to suppress Vasquez-Reyes' statements to police based on a *Miranda* violation.

Lastly, we reject Vasquez-Reyes' argument that his confession should have been suppressed because he gave it while unlawfully detained in violation of NRS 171.123(4). *Cf. Powell v. State*, 113 Nev. 41, 46, 930 P.2d 1123, 1126 (1997) (noting that a confession may be excluded where given during a detention that was unlawful because the defendant was not afforded a probable-cause hearing within 48 hours of his warrantless arrest). Here, the district court was not required to suppress Vasquez-Reyes' confession because G.A.'s statements to police provided sufficient probable cause to arrest him. *See State v. McKellips*, 118 Nev. 465, 472-73, 49 P.3d 655, 660-61 (2002) (reversing the district court's grant of the defendant's suppression motion because probable cause supported the law enforcement officer's de facto arrest); *Thomas v. Sheriff, Clark Cty.*, 85 Nev.

statements was harmless error where the appellant made the incriminating statements after waiving his *Miranda* rights).

551, 552-54, 459 P.2d 219, 220-21 (1969) (holding that a witness's statement to police provided sufficient probable cause for arrest).

*Evidentiary determinations*

Vasquez-Reyes also challenges various evidentiary determinations. We review a district court's decision to admit or exclude evidence for an abuse of discretion. *Franks v. State*, 135 Nev. 1, 3, 432 P.3d 752, 755 (2019).

Regarding G.A.'s statements to law enforcement, we agree the district court abused its discretion in admitting them as prior consistent statements because the alleged motive to fabricate—that G.A. wanted Vasquez-Reyes out of the house—arose before she made the prior consistent statements. *See* NRS 51.035 (providing that a witness' prior consistent statements offered to prove the truth of the matter asserted are generally considered to be inadmissible hearsay, and listing exceptions); *Runion v. State*, 116 Nev. 1041, 1052, 13 P.3d 52, 59 (2000) (holding that, for prior consistent statements to be admissible, they "must have been made at a time when the declarant had no motive to fabricate"); *Daly v. State*, 99 Nev. 564, 569, 665 P.2d 798, 802 (1983) (hinging its prior consistent statement analysis on what the defendant alleged was the victim's motive), *holding modified on other grounds by Richmond v. State*, 118 Nev. 924, 59 P.3d 1249 (2002). Nevertheless, we conclude that the error was harmless because Vasquez-Reyes elicited nearly identical testimony from the detective, G.A. testified to any possible discrepancy between her various statements to law enforcement, Vasquez-Reyes cross-examined her on this issue, and there was overwhelming evidence of Vasquez-Reyes' guilt. *See Turner v. State*, 98 Nev. 243, 246, 645 P.2d 971, 972 (1982) (reviewing errors regarding admitting evidence determinations for harmless error).



Next, Vasquez-Reyes argues that the district court erred by admitting G.A.'s testimony that Vasquez-Reyes performed uncharged sexual acts on her because the State did not show that testimony was necessary to prosecute its case in light of the danger of substantial prejudice.[8] We disagree because the evidence helped the State's case by establishing Vasquez-Reyes' propensity to commit the charged crimes, and allowed the jury to see the steps Vasquez-Reyes took before committing the charged acts on G.A. *See* NRS 48.045(3) ("Nothing in this section shall be construed to prohibit the admission of evidence in a criminal prosecution for a sexual offense that a person committed another crime, wrong or act that constitutes a separate sexual offense."); *Franks*, 135 Nev. at 5-7, 432 P.3d at 756-57 (establishing the framework for admitting evidence under NRS 48.045(3) and explaining that "evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*" (quoting *United States v. LeMay*, 260 F.3d 1018, 1029 (9th Cir. 2001))).

We also reject Vasquez-Reyes' argument that the district court erred in granting the State's motion, under NRS 50.090 (Nevada's rape shield statute), to exclude reference to and evidence that G.A. had tested

---

[8]Vasquez-Reyes also alleges that the district court erred by admitting the evidence because it was not previously disclosed. But it is unclear whether he is arguing that the State untimely sought to introduce the evidence or whether the State should be barred from introducing it on other grounds. Nevertheless, the district court considered the timing of the disclosure and accepted the State's argument that G.A. took time to reveal the additional acts and details due to her shy and quiet demeanor coupled with the sexually explicit nature of the acts. Under these facts, Vasquez-Reyes fails to demonstrate that the district court abused its discretion by admitting the evidence on these grounds. *See Franks*, 135 Nev. at 3, 432 P.3d at 755.

positive for a sexually transmitted disease (STD). Vasquez-Reyes fails to demonstrate that his proffered reasons for using the evidence are sufficient to overcome the rape shield prohibition. The STD evidence has little to no probative value in challenging G.A.'s testimony—corroborated by Vasquez-Reyes' confession—that Vasquez-Reyes had abused her for years. *See* NRS 50.090; *Johnson v. State*, 113 Nev. 772, 776-77, 942 P.2d 167, 170 (1997) (holding that evidence must have probative value to overcome the rape shield prohibition); *Summit v. State*, 101 Nev. 159, 162-63, 697 P.2d at 1376-77 (1985) (explaining the purpose of rape shield statutes and the applicable exceptions). And any error in excluding this evidence was harmless in light of Vasquez-Reyes' confession.

Finally, we reject Vasquez-Reyes' argument that the district court erred by denying his request that the court conduct an in camera review of G.A.'s counseling records to determine whether they contained discoverable evidence.[9] Vasquez-Reyes did not make a particularized showing of the exculpatory evidence he expected to find in those records.[10]

---

[9]Vasquez-Reyes also argues that he was entitled to a hearing under *Brady v. Maryland*, 373 U.S. 83 (1963), to determine if officers had to wear body cameras when G.A. gave her statements. We disagree, as any *Brady* analysis hinges on how the evidence affected the outcome of the trial, and thus, cannot form the basis for the evidentiary hearing Vasquez-Reyes sought. *See Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 759-60, 405 P.3d 668, 673 (2017) (holding that a *Brady* analysis is "applied retrospectively").

[10]Vasquez-Reyes also argues that the district court erred by admitting a video of his initial police interview, claiming it "contained clear and obvious redactions." The case Vasquez-Reyes cites is distinguishable in that it involved a redaction of a defendant's name from a codefendant's confession in violation of *Bruton v. United States*, 391 U.S. 123 (1968), and the United States Supreme Court held that the redaction encouraged the jurors to speculate about the reference such that "the redaction may

*continued on next page...*

SUPREME COURT
OF
NEVADA

*See Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 761 n.5, 405 P.3d 668, 674 n.5 (2017) (explaining that while a criminal defendant may not be entitled to such records in pretrial proceedings, he or she may be entitled to them at trial); *Sonner v. State*, 112 Nev. 1328, 1341, 930 P.2d 707, 716 (1996) (approving the denial of a request for an individual's records because the "request was based on nothing more than the assertion of a general right to search for whatever mitigating evidence might be found in [the] records").

*Alleged restrictions of Vasquez-Reyes' defense and cross-examination*

Vasquez-Reyes argues that the district court erroneously precluded him from questioning a detective about G.A.'s statements. We review "a trial court's evidentiary rulings for an abuse of discretion and the ultimate question of whether a defendant's Confrontation Clause rights were violated de novo." *Farmer v. State*, 133 Nev. 693, 702, 405 P.3d 114, 123 (2017). Because G.A. was available and subject to cross-examination, we conclude that the district court did not violate Vasquez-Reyes' rights under the Confrontation Clause. *See* U.S. Const. amend. VI; *United States v. Owens*, 484 U.S. 554, 560 (1988) (concluding that a confrontation analysis

---

overemphasize the importance of the confession's accusation." *Gray v. Maryland*, 523 U.S. 185, 193 (1998). Here, Vasquez-Reyes concedes that there is no *Bruton* issue. Moreover, he fails to identify which portions of the video demonstrated clear and obvious redactions. *See Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004) (declining to address claims not supported by adequate citations to the record). For this reason, we conclude that Vasquez-Reyes' additional argument that the district court abused its discretion by denying his motion for a mistrial on this issue lacks merit. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) ("The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion."). Vasquez-Reyes does not cogently articulate whether he also argues that the district court abused its discretion by denying his motions for mistrial on other evidentiary grounds, so we do not consider it. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

is unnecessary "when a hearsay declarant is present at trial and subject to unrestricted cross-examination"). We further conclude that the district court properly limited Vasquez-Reyes' cross-examination of the detective about G.A.'s statements that a responding officer relayed to the detective given that the statements involved two layers of hearsay for which Vasquez-Reyes failed to provide exceptions. *Cf. Carson v. State*, 106 Nev. 922, 803 P.2d 230 (1990) (applying hearsay rules to a defendant's presentation of evidence). And G.A.'s initial statement was not inconsistent with her later statements because, contrary to Vasquez-Reyes' position, she never explicitly stated that the last incidence of vaginal penetration occurred one week before Vasquez-Reyes' arrest. Instead, G.A. more broadly stated that the last incident occurred approximately one week earlier and without giving specific details of the nature of the incident.

*Dr. Sandra Cetl's remote testimony*

Vasquez-Reyes argues that the State's presentation of Dr. Sandra Cetl's testimony through remote means violated his rights under the Sixth Amendment Confrontation Clause. We review de novo, *see Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009), and agree. The State failed to demonstrate that permitting Dr. Cetl's remote testimony here was necessary to further an important public policy. *See Maryland v. Craig*, 497 U.S. 836, 850 (1990) (holding in relevant part that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy"). Nevertheless, we conclude that error was harmless beyond a reasonable doubt considering the limited nature of Dr. Cetl's testimony and the strong evidence of guilt including G.A.'s testimony and Vasquez-Reyes' confession. *See Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 476 (2006) (explaining that

 

Confrontation Clause errors are subject to a "harmless beyond a reasonable doubt" standard and outlining the relevant factors).

*Interpreter's testimony*

Vasquez-Reyes also argues that the district court erred by denying his motion to strike the testimony of the interpreter who was present at the scene and during the interrogation because she did not qualify as an expert. But Vasquez-Reyes has not demonstrated that the interpreter's qualifications and certifications were insufficient. *See Baltazar-Monterrosa v. State*, 122 Nev. 606, 614, 137 P.3d 1137, 1141-42 (2006) (noting that, unlike the statute affording persons with "a communications disability," the right to an interpreter with certain qualification and certification requirements, NRS 171.1538(2); NRS 656A.100, there is no statute requiring certain qualifications or certifications for individuals requiring a language interpreter). Moreover, Vasquez-Reyes does not argue that the interpreter's translations were inaccurate or inadequate. *See id.* at 613, 137 P.3d at 1142 (holding that individuals challenging an interpreter's translations bear the "burden of proving that the . . . translations were fundamentally inaccurate or inadequate"). Because Vasquez-Reyes fails to demonstrate that the interpreter's qualifications were insufficient, and the interpreter's special knowledge assisted the jury regarding the translations conducted in this case, we conclude that the district court did not abuse its discretion by admitting the interpreter's expert testimony. *See* NRS 50.275 (providing that "a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge," if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue"); *Sampson v. State*,

121 Nev. 820, 827, 122 P.3d 1255, 1259 (2005) ("The district court has discretion to determine the admissibility of expert testimony.").

*Dr. Lisa Roley's rebuttal testimony*

Vasquez-Reyes asserts that the district court erred by permitting rebuttal testimony from Dr. Lisa Roley, a clinician at Stein Diagnostic Center who evaluated Vasquez-Reyes over a two-month period. He argues that the State provided inadequate notice of this witness's testimony and that the testimony exceeded the scope of the defense expert's testimony. We disagree. First, the State provided adequate notice of the subject matter and substance of Dr. Roley's testimony. *See* NRS 174.234(2)(a) (outlining the notice requirements for calling expert witnesses); *Grey v. State*, 124 Nev. 110, 119, 178 P.3d 154, 161 (2008) (preserving NRS 174.234's constitutionality by expanding its notice requirement to rebuttal expert witnesses). Second, Dr. Roley's testimony was responsive to the defense expert's testimony about Vasquez-Reyes' neurological evaluation in that Dr. Roley addressed the limitations of the testing conducted by the defense expert. Thus, it was proper rebuttal testimony. *See Morrison v. Air Cal.*, 101 Nev. 233, 235-37, 699 P.2d 600, 602 (1985) (explaining the scope of rebuttal evidence); *see also United States v. Burch*, 153 F.3d 1140, 1144 (10th Cir. 1998) (holding that rebuttal evidence is admissible where a "defendant opens the door to the subject matter" (internal quotation marks omitted)). Therefore, we conclude the district court did not abuse its discretion by admitting Dr. Roley's testimony. *See Sampson*, 121 Nev. at 827, 122 P.3d at 1259.

*Cumulative error*

Finally, Vasquez-Reyes argues that cumulative error warrants reversal. Having considered the relevant factors, *see Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (discussing the factors to consider

(O) 1947A

for a cumulative error claim), and the errors discussed above, we disagree, *see Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002) (concluding "that any errors which occurred were minor and, even considered together, do not warrant reversal").

We therefore

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.       _____, J.
Stiglich                          Herndon


cc:    Hon. Michelle Leavitt, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A